IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PINARD HOME HEALTH, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BLUE CROSS AND BLUE SHIELD OF )<br>TEXAS, A DIVISION OF HEALTH CARE )<br>SERVICE CORPORATION, )<br>)<br>    Defendant. )<br>)<br>) | Case No. 4:15-cv-3509<br><br>(formerly County Civil Court at Law No. 3 of Harris County, Texas – Cause No. 1068255) |

**NOTICE OF REMOVAL**

Defendant Blue Cross and Blue Shield of Texas, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSTX"), by and through its undersigned attorneys, Reed Smith LLP, hereby respectfully remove Cause No. 1068255 (the "Action") from the County Civil Court at Law No. 3 of Harris County, Texas, located at 201 Caroline, Houston, Texas 77002, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  This Court has removal jurisdiction because this is a civil action "founded on a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b).  In further support of this Notice of Removal, BCBSTX alleges as follows:

**BACKGROUND**

1.    On September 30, 2015, Plaintiff Pinard Home Health, Inc. ("Plaintiff") filed an original petition (the "Petition") in the County Civil Court at Law No. 3 of Harris

1

County, Texas, Case No. 1068255. (*See* Exhibit A). The Petition contains purported causes of action for breach of contract and common law fraud.

2. BCBSTX was served with a citation and the Petition on November 3, 2015. (*See* Exhibit C). True and correct copies of the Petition and Citation are attached hereto as Exhibit A and Exhibit B, respectively. A true and correct copy of the proof of service is attached as Exhibit C. This Action is therefore timely removed pursuant to 28 U.S.C. § 1446(b).

3. On November 17, 2015, Judge Linda Storey ordered that the case was set for non-jury trial on February 22, 2016. A true and correct copy of the Order for Trial Setting is attached as Exhibit D.

4. BCBSTX filed its Answer and Request for Disclosure on November 23, 2015. A true and correct copy of the Answer is attached as Exhibit E.

5. BCBSTX is a Medicare Advantage organization that arranges for the provision of medical services to Medicare enrollees in accordance with Part C of the Medicare Act, Title XVIII of the Social Security Act, 42 U.S.C. § 1395w-21 *et seq.*, and Medicare regulations, 42 C.F.R. Part 422.

6. In the Petition, Plaintiff alleges that it provided services to Medicare enrollees, and that BCBSTX was responsible for payment of these services. Plaintiff alleges that BCBSTX paid an insufficient amount for these services based on applicable Medicare laws and regulations.

7. There is no contract between BCBSTX and Plaintiff. Plaintiff makes its breach of contract claim by alleging that it is a third-party beneficiary of BCBSTX's agreement with the Center for Medicare & Medicaid Services.

8. Federal law and regulations address how Medicare Advantage organizations like BCBSTX should reimburse non-participating providers like Plaintiff who have received Medicare certification and who render services to Medicare enrollees. By this lawsuit, Plaintiff seeks to enforce Medicare law and regulations.

9. As pled, Plaintiff's claim is predicated on federal law, involves a contested federal issue, and implicates a substantial federal interest. Plaintiff's claim will require this Court to interpret, apply, and enforce federal Medicare laws and regulations. Congress intended that the Medicare program, including reimbursement issues between Medicare Advantage organizations (like BCBSTX) and non-participating providers (like Plaintiff), be controlled by federal law, not state law.

10. Accordingly, removal of this Action is appropriate pursuant to 28 U.S.C. § 1331 on the grounds of federal question jurisdiction. This Action arises "under the Constitution, laws or treaties of the United States" and is within this Court's original jurisdiction.

11. To the extent Plaintiff's common law fraud claim does not come within the original jurisdiction of this Court, the Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. §§ 1367 and 1441(c), as it relates to and is founded upon the same allegations giving rise to this Court's original jurisdiction.

12. Accordingly, this Action is removable to this Court under 28 U.S.C. §§ 1331, 1367, 1441, 1446, and Federal Rule of Civil Procedure 81(c).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

13. Pursuant to 28 U.S.C. § 1446(a) and Local Rule of Civil Procedure 81, the state court docket sheet, true and correct copies of all process, pleadings that assert causes

of action, and orders, as well as a list of all parties to the case and counsel of record are being filed with this Notice of Removal.  [*See* Exhibits A-H.]

14.   This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Plaintiff served the Petition on HCSC on November 3, 2015.

15.   Venue is proper under 28 U.S.C. § 1446(a), which provides for removal of any civil action to the federal district court and division embracing the place where the action is pending.  Venue lies in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1391 and 1441(a), because the Action was filed within this district, and this is the district in which a substantial part of the events or omissions giving rise to the purported claims occurred.

16.   BCBSTX is filing with the Clerk of the State Court in which the Action is currently pending a Notice to State Court and Adverse Parties of Removal, together with this Notice of Removal and supporting documents, pursuant to 28 U.S.C. § 1446(d). Copies of the Notice to State Court and Adverse Parties of Removal together with this Notice of Removal are being served on Plaintiff pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

17.   Due to the foregoing, BCBSTX has met the requirements for removal of this Action under 28 U.S.C. §§ 1331, 1441, and 1446, and accordingly, the case must now be removed to this Court.

18.   This Notice of Removal is filed subject to and with full reservation of rights.  No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

Dated:  December 3, 2015	Respectfully submitted,


By: /s Martin J. Bishop
Martin J. Bishop
**Attorney-in-Charge**
Texas Bar No. 24086915
S.D. of Texas Bar No. 2443325
MBishop@ReedSmith.com
Andrew Bluebond
**Of Counsel**
Texas Bar No. 24092147
ABluebond@ReedSmith.com
Reed Smith LLP
811 Main Street, Suite 1700
Houston, Texas 77002
Telephone: 713.469.3800
Facsimile: 713.469.3899

Alexandra M. Lucas
**Of Counsel**
ALucas@ReedSmith.com
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone:  312.207.1000
Facsimile:  312.207.6400


*Attorneys for BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION*

5

## CERTIFICATE OF SERVICE

I, Martin J. Bishop, an attorney, hereby certify that on December 3, 2015, I caused a copy of **DEFENDANT'S NOTICE OF REMOVAL** to be served on the parties listed below by U.S. Mail from 10 South Wacker Drive, Chicago, Illinois, 60606:

Nathan A. Steadman
Mary Jane Lorkowski
Meyer, Knight & Williams, L.L.P.
8100 Washington Ave., Suite 1000
Houston, Texas 77007
Telephone:  (713) 868-2222
Facsimile:  (713) 868-2262
nas@mkwlaw.com
mjl@mkwlaw.com

/s Martin J. Bishop
Martin J. Bishop