# EXHIBIT A

COPY

FILED
9/30/2015 9:40:35 AM
Stan Stanart
County Clerk
Harris County

NO. 1068255

| | | |
|---|---|---|
| PINARD HOME HEALTH, INC., § | | IN THE COUNTY COURT |
| Plaintiff, § | | |
| § | | 3 |
| VS. § | | AT LAW NO. _____ |
| § | | |
| HEALTH CARE SERVICE CORPORATION § | | |
| A/K/A AND/OR F/K/A BLUE CROSS § | | |
| BLUE SHIELD OF TEXAS, INC. § | | |
| Defendant. § | | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, PINARD HOME HEALTH, INC. ("Plaintiff"), files its Original Petition against Defendant, HEALTH CARE SERVICE CORPORATION A/K/A AND/OR F/K/A BLUE CROSS BLUE SHIELD OF TEXAS, INC. ("HCSC" or "Defendant"), and would respectfully show the Court as follows:

### I.
### DISCOVERY AND RULE 47 STATEMENT

1. Discovery will be conducted under Level 2 of TEX. R. CIV. P. 190. Plaintiff seeks monetary relief under $100,000.

### II.
### NATURE OF THE CASE

2. This case involves a pattern of conduct whereby HCSC refused to reimburse Plaintiff for medical services, including without limitation nursing care, physical therapy, occupational therapy, speech therapy, and home health assistance, provided to Medicare Part C beneficiaries (sometimes referred to herein a "enrollees") approved coverage by HCSC.

### III.
### PARTIES

3. Plaintiff is a corporation organized and existing by virtue of the laws of the State of Texas.

4. Defendant, HEALTH CARE SERVICE CORPORATION A/K/A AND/OR F/K/A BLUE CROSS BLUE SHIELD OF TEXAS, INC, is a foreign entity doing business in Texas. It may be served with process by serving its registered agent as listed with Texas Department of Insurance, HCSC Insurance Services Company, at 1001 East Lookout Drive, Richardson, Texas 75082, or wherever else it may be found.

## IV.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case because the amount in controversy exceeds the minimum jurisdictional limits of this Court. Personal jurisdiction exists because Defendant is doing business in Harris County, Texas, and venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) and (3), because all or a substantial part of the events giving rise to the actions complained of herein occurred in Harris County, Texas.

## V.
## FACTUAL BACKGROUND

6. Plaintiff is a home health agency ("HHA") which provides in-home medical and non-medical services in Texas prescribed by physicians to patients located in Harris, Montgomery, and surrounding counties, including without limitation the areas of Spring, Shenandoah, The Woodlands, and North Houston. Plaintiff's services include nursing care, occupational therapy, physical therapy, speech pathology, and home health assistance, such as bathing ("Home Health Services"). Plaintiff is accredited by the Texas Department of Aging and Disability Services.

2

7.      Medicare Part C, also known as the Medicare Advantage program, provides medical benefits to its enrollees through a wider range of coverage plans than Medicare Parts A and B. Under Medicare Advantage, the Center for Medicare and Medicaid Services ("CMS") contracts with health maintenance organizations ("HMOs") and other private entities (such as Defendant) to provide health care services to Medicare enrollees. Once CMS enters into a contract with an HMO or other private entity,[1] CMS makes capitation payments[2] to the Medicare Advantage organization. Upon payment by CMS, a Medicare Advantage organization assumes all financial risk for the provision of health care services for which benefits are required to be provided. A Medicare Advantage organization must also protect its enrollees from incurring liability for payment of any fees that are the legal obligation of the Medicare Advantage organization. A Medicare Advantage organization may contract with health care providers, such as Plaintiff, to furnish medical services to Medicare Part C beneficiaries. Such contracts between Medicare Advantage organizations and providers are subject to few restrictions; however, they must contain a prompt payment provision.

8.      Plaintiff received its Medicare certification on April 5, 2005. The Medicare Home Health benefit covers the Home Health Services provided by Plaintiff and reimburses certified HHAs, such as Plaintiff, for each episode[3] of care.[4] Enrollees requiring longer care have multiple episodes and there is no limit on the number of episodes an enrollee can have. Reimbursement to

---

[1] Companies that enter into a contract with CMS to offer Medicare Part C plans are called Medicare Advantage organizations.

[2] A capitation payment is a fixed per enrollee per month amount paid for contracted services without regard to the type, cost, or frequency of services furnished.

[3] An episode can be up to sixty (60) days in duration.

[4] Only Medicare-certified home health agencies can receive reimbursement for services provided to Medicare beneficiaries.

3

an HHA is based on an annually pre-determined base rate, which is adjusted based on numerous factors, such as individual enrollee characteristics. To account for enrollee characteristics, each enrollee's episode with an HHA is assigned to one (1) of 153 home health resource groups ("HHRG") in order to determine an adjustment to the base rate per episode. Reimbursement is paid out to HHAs based on a split percentage payment method, also known as the home health prospective payment system ("HH PPS"), in order to provide a reasonable and balanced cash flow to the HHA. A split percentage payment method means that an HHA receives half of the estimated base payment for each episode as soon as the Medicare Advantage organization receives the claim from the HHA. The initial payment shows up under billing code 322. Once the episode closes, regardless of whether another episode is immediately initiated after the prior episode, an HHA receives the residual base payment as adjusted by the HHRG or other applicable factors. The total amount paid to an HHA, including the initial and residual payments, is given the billing code 339.

9. HCSC failed to reimburse Plaintiff for services rendered to HCSC's Medicare Part C beneficiaries. As a result, Plaintiff has claims against HCSC for breach of contract and fraud. The payments due and owing to Plaintiff are outlined in Exhibit A attached hereto. Plaintiff timely[5] electronically filed its claims for reimbursement with HCSC as to all episodes in Exhibit A pursuant to the agreement with HCSC. After receiving approval for the initial payment under billing code 322, Plaintiff was denied any reimbursement, including the initial payment, under billing code 328/320, known in the industry as a "take-away." A take-away is commonly issued once a patient switches HMOs, even though an HHA, such as Plaintiff, has already provided Home Health Services to the enrollee under the purview of the prior HMO. As a result, HCSC retained the capitation

---

[5] A timely claim for reimbursement is within one (1) year after the date of service.

payments from Medicare and refused to reimburse Plaintiff for services rendered to HCSC's prior enrollees while such enrollees were covered under HCSC. As of this lawsuit, HCSC has refused to reimburse Plaintiff for payments it received for work it did not perform in breach of HCSC's agreement with Plaintiff for services Plaintiff provided HCSC's enrollees with the expectation of full reimbursement.

## VI.
## CAUSES OF ACTION

### A.  Breach of Contract

10. Plaintiff incorporates all of the preceding paragraphs in their entirety for all purposes.

11. HCSC breached its agreement with Plaintiff for the provision of medical services to HCSC's enrollees by failing and refusing to pass along payments received from Medicare to the actual provider of those services. HCSC has also violated prompt payment provisions. As a result of HCSC's breach, Plaintiff has been deprived of monies duly owed to it and suffered damages amounting to $54,342.80 in outstanding residual payments for which it seeks recovery, plus attorneys fees, costs of court and interest as allowed by law.

### B.  Common Law Fraud

12. Plaintiff incorporates all of the preceding paragraphs in their entirety for all purposes.

13. Pursuant to the split percentage payment method, HCSC issued billing code 322 to reimburse Plaintiff for half of the estimated base payment for each episode outlined in Exhibit A. At the time HCSC issued billing code 322 to Plaintiff, HCSC knew that they would issue a take-away if HCSC's enrollee switched to another HMO. Therefore, the representation by HCSC at the time of the initial billing code that Plaintiff would be fully reimbursed at the close of each episode was false and HCSC knew that Plaintiff would not receive the residual portion of the base payment

5

if HCSC's enrollee switched to another HMO. HCSC made such fraudulent and material misrepresentations with the intent to induce Plaintiff into providing and continuing to provide Home Health Services to HCSC's enrollees for free and for HCSC to have free money from Medicare. Plaintiff relied on HCSC's representation of full reimbursement and provided Home Health Services to HCSC's enrollees. HCSC's actions and misrepresentations proximately caused financial injury to Plaintiff causing Plaintiff to lose cash flow guaranteed by the split percentage payment method and placing its ability to provide quality Home Health Services to enrollees in jeopardy. As a result of HCSC's fraud, Plaintiff has been deprived of monies duly owed to it and suffered damages amounting to $54,342.80 in outstanding residual payments, for which it seeks recovery, plus attorneys fees, costs of court and interest as allowed by law.

## VII.
## EXEMPLARY DAMAGES

14. Additionally, Plaintiff is seeking exemplary damages. Plaintiff's injuries resulted from Defendant's malice and/or fraud, which entitles Plaintiff to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

## VIII.
## CONDITIONS PRECEDENT

15. All conditions precedent for Plaintiff to recover have been performed, have occurred or have been waived or excused.

WHEREFORE, Plaintiff respectfully requests and prays that Defendant be cited to appear herein and answer and that the Court upon final trial hereof, Plaintiff have and recover from Defendant actual damages for the wrongfully withheld residual base payments, including but not limited to the applicable interest as outlined by Medicare, all general, special and consequential

damages, punitive damages, pre- and post-judgment interest as provided by law, reasonable attorney's fees and Court costs, and such other and further relief, at law or in equity, as to which Plaintiff may be justly entitled.

        Respectfully submitted,

        **MEYER, KNIGHT & WILLIAMS, L.L.P.**

        /s/ Nathan A. Steadman
        Nathan A. Steadman
        State Bar. No. 19089450
        Mary Jane Lorkowski
        State Bar No. 24050880
        8100 Washington Avenue, Suite 1000
        Houston, Texas 77007
        (713) 868-2222
        (713) 868-2262 (Fax)
        nas@mkwlaw.com
        mjl@mkwlaw.com

        **ATTORNEYS FOR PLAINTIFF**
        **PINARD HOME HEALTH, INC.**

| Beneficiary* | Episode Start Date | Episode End Date | HH PPS Payment Outstanding | Health Insurance |
|---|---|---|---|---|
| 1 | 04/07/2010 | 06/05/2010 | $1,641.93 | BLUE CROSS BLUE SHIELD |
| 1 | 12/08/2009 | 02/05/2010 | $2,229.20 | BLUE CROSS BLUE SHIELD |
| 1 | 02/06/2010 | 04/06/2010 | $2,270.11 | BLUE CROSS BLUE SHIELD |
| 2 | 02/09/2011 | 03/22/2011 | $3,618.66 | BLUE CROSS BLUE SHIELD |
| 3 | 10/12/2010 | 12/10/2010 | $5,234.79 | BLUE CROSS BLUE SHIELD |
| 3 | 12/11/2010 | 01/13/2011 | $5,415.95 | BLUE CROSS BLUE SHIELD |
| 4 | 10/22/2010 | 12/20/2010 | $1,641.93 | BLUE CROSS BLUE SHIELD |
| 4 | 02/19/2011 | 04/06/2011 | $1,554.83 | BLUE CROSS BLUE SHIELD |
| 4 | 12/21/2010 | 02/18/2011 | $1,641.93 | BLUE CROSS BLUE SHIELD |
| 4 | 02/24/2010 | 04/24/2010 | $2,467.59 | BLUE CROSS BLUE SHIELD |
| 4 | 12/26/2009 | 02/23/2010 | $2,122.83 | BLUE CROSS BLUE SHIELD |
| 4 | 06/24/2010 | 08/22/2010 | $1,641.93 | BLUE CROSS BLUE SHIELD |
| 4 | 08/23/2010 | 10/21/2010 | $2,161.68 | BLUE CROSS BLUE SHIELD |
| 4 | 04/25/2010 | 06/23/2010 | $2,161.68 | BLUE CROSS BLUE SHIELD |
| 4 | 10/27/2009 | 12/25/2009 | $3,982.96 | BLUE CROSS BLUE SHIELD |
| 4 | 08/28/2009 | 10/26/2009 | $4,181.74 | BLUE CROSS BLUE SHIELD |
| 5 | 11/25/2012 | 01/10/2013 | $2,587.92 | BLUE CROSS BLUE SHIELD |
| 5 | 09/26/2012 | 11/24/2012 | $2,587.92 | BLUE CROSS BLUE SHIELD |
| 6 | 07/19/2010 | 08/11/2010 | $5,197.22 | BLUE CROSS BLUE SHIELD |

TOTAL                  $54,342.80

*Beneficiary Names Redacted



EXHIBIT A

LEGAL EXPRESS ET AL
440 LOUISIANA STREET
SUITE 900
HOUSTON, TX. 77002

7014 1200 0001 2469 9668





U.S. POSTAGE
PAID
HOUSTON, TX
77034
OCT 29, 15
AMOUNT
$6.96
00049746-04

1000    75082

Health Care Service Corporation A/K/A
And/Or F/K/A Blue Cross Blue Shield Of
Texas, Inc.,c/o Registered Agent, HCSC
Insurance Services Company
1001 East Lookout Drive
Richardson, Tx. 75082



RETURN RECEIPT
REQUESTED

75082>4144 C056